**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1142
_____

W.R.R.,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A207-054-101)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 8, 2022

Before: SHWARTZ, MATEY, and FUENTES, *Circuit Judges*

(Filed: April 4, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

W.R.R. petitions for review of decisions of the Board of Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition.[1]

I.

W.R.R. is a native and citizen of the Dominican Republic. W.R.R. entered the United States at a young age and was later granted Deferred Action for Childhood Arrivals. In March 2016, W.R.R. was arrested on a 14-count indictment, alleging that W.R.R. was in a stolen vehicle while in possession of a handgun, and that W.R.R. had attempted to harm another person. W.R.R. pleaded guilty to a violation of N.J. Stat. Ann. Section 2C:29-2(b) for eluding arrest by motor vehicle creating a risk of death or injury and was sentenced to eight years of incarceration. The Department of Homeland Security initiated removal proceedings against W.R.R. via a Notice to Appear.

W.R.R. initially appeared before the Immigration Judge ("IJ") pro se. W.R.R. applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ found that W.R.R.'s felony eluding conviction was a particularly serious crime, rendering W.R.R. ineligible for asylum and withholding of removal. The IJ also found that W.R.R. had not met the burden of demonstrating eligibility for CAT relief because W.R.R. had not shown that public officials would consent or acquiesce to torture at the hands of gang members or that it was more likely than not that W.R.R. would be tortured if removed.

---

[1] The petitioner's motion to amend the caption to refer to the petitioner as "W.R.R" is granted, and the Clerk is directed to amend the caption.

W.R.R. obtained counsel and appealed to the BIA, which affirmed the IJ's decision in part and remanded in part. The BIA upheld the finding that W.R.R.'s conviction qualified as a particularly serious crime. But the BIA remanded to the IJ for further proceedings on a CAT claim based on W.R.R.'s identity as a bisexual, gender non-binary person.

On remand, the IJ denied W.R.R.'s CAT claim, finding that it was not more likely than not that W.R.R. would suffer torture at the instigation or acquiescence of a public official. The IJ further found that W.R.R. failed to identify specific evidence that W.R.R. personally would be tortured. W.R.R. moved for reconsideration—arguing W.R.R. should have had a chance to testify and supplement the record on remand—which was denied. W.R.R. appealed both decisions, and the BIA dismissed both appeals. W.R.R. now petitions this Court for review.

## II.

We have jurisdiction to review the BIA's final order of removal, limited to "constitutional claims or questions of law."[2] We review the BIA's determination that W.R.R.'s state conviction constituted a particularly serious crime and W.R.R.'s constitutional due process claims de novo.[3]

---

[2] 8 U.S.C. §§ 1252(a)(5), (a)(2)(C), (a)(2)(D).
[3] *Luziga v. Att'y Gen.*, 937 F.3d 244, 252 n.9 (3d Cir. 2019); *Fadiga v. Att'y Gen.*, 488 F.3d 142, 153 (3d Cir. 2007).

III.

W.R.R. raises several issues for review, mainly arguing that (1) the BIA and IJ (together, the "Agency") erred by finding that W.R.R. committed a particularly serious crime; (2) the Agency erred by denying CAT deferral; and (3) W.R.R. was denied due process in the form of an opportunity to present additional evidence and testimony.

W.R.R. first challenges the Agency's finding that the conviction for eluding arrest under N.J. Stat. Ann. Section 2C:29-2(b) constituted a particularly serious crime, foreclosing the possibility of relief via asylum and withholding of removal. Where the evidence indicates that an applicant for asylum or withholding of removal may have been convicted of a particularly serious crime, the Agency must first determine whether the offense's elements "potentially bring the crime into a category of particularly serious crimes."[4] If so, the Agency must determine whether the offense is particularly serious by considering all reliable information about the facts and circumstances of the offense, "including the conviction records and sentencing information, as well as other information outside the confines of a record of conviction."[5] W.R.R. was convicted in the second degree, meaning that the attempt to elude created "a risk of death or injury to any person."[6] The Agency properly concluded that the offense was potentially particularly serious and

---

[4] *Luziga,* 937 F.3d at 253 (quoting *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA 2007)).
[5] *Id*. (quoting *In re N-A-M-*, 24 I. & N. Dec. at 342); *see also Sunuwar v. Att'y Gen.*, 989 F.3d 239, 249 (3d Cir. 2021) (explaining that the Agency considers all reliable information about the facts and circumstances of the offense, including the conviction records and sentencing information, as well as other information outside the confines of a record of conviction).
[6] N.J. Stat. Ann. Section 2C:29-2(b).

then considered the circumstances of the conviction, including the length of the sentence and that W.R.R. was in possession of a handgun. The Agency therefore did not err in finding that the facts of W.R.R.'s conviction met the standard for a particularly serious crime.[7]

Next, we see no reason to disturb the Agency's denial of CAT relief. CAT deferral may be granted even to a "particularly serious" offender if they are likely to be tortured if returned to their country of origin by, or with the consent or acquiescence of, the government.

W.R.R. argues that the Agency erred in two ways: that it failed to apply the two-pronged *Myrie* framework for adjudicating CAT claims, and that the IJ ignored evidence favorable to W.R.R., including evidence detailing the threat of violence that LGBT individuals face in the Dominican Republic. The BIA initially remanded to the IJ for a proper analysis under *Myrie*, noting the lack of findings on governmental acquiescence. In assessing a CAT claim, the Immigration Judge should consider (1) what is likely to happen to the petitioner if removed, and (2) whether what is likely to happen amounts to the legal definition of torture.[8]

On remand, the IJ held that W.R.R. failed to establish that it is more likely than not that W.R.R. would suffer torture at the instigation, consent, or acquiescence of a public official. Instead, the IJ found that W.R.R. "will return to the Dominican Republic

---

[7] Having upheld the Agency's conclusion that W.R.R. has been convicted of a particularly serious crime, we need not discuss whether W.R.R. committed a crime of moral turpitude.
[8] *Myrie v. Att'y Gen. United States*, 855 F.3d 509, 516 (3d Cir. 2017).

unharmed, connect with family friends, and eventually seek out employment."[9] And while the IJ credited W.R.R.'s general country conditions evidence, the IJ found that the evidence did not show that W.R.R. would be specifically and individually targeted because of W.R.R.'s gender identity or sexual orientation for harm that rises to the level of torture.[10] The IJ adequately considered the totality of the record, including evidence favorable to W.R.R., and we see no error.

W.R.R. next argues that the IJ erred by failing to hold a hearing on remand. Similarly, W.R.R. argues that the IJ violated W.R.R.'s right to testify by not allowing W.R.R. to testify about gender identity and by not reopening the record to consider more evidence. First, the BIA's decision ordering remand did not require the IJ to hold a new hearing. Further, W.R.R. had the opportunity to testify at an initial hearing, and the IJ on remand considered W.R.R.'s affidavit, letters, psychological evaluation, and country condition reports. It is unclear what additional evidence would have been provided at a second hearing, and W.R.R. has failed to make a showing that this alleged lack of opportunity had the potential to impact the outcome of the proceedings. W.R.R. therefore has not established a due process violation.[11]

---

[9] Administrative Record at 76.

[10] *See, e.g.*, *Tarrawally v. Ashcroft*, 338 F.3d 180, 188 (3d Cir. 2003) (holding that country condition reports "alone [were] insufficient to demonstrate that it is more likely than not that a particular civilian, in this case [the petitioner], will be tortured" if returned to his home country).

[11] A petitioner must show (1) that they were prevented from reasonably presenting their case, and (2) that substantial prejudice resulted. *Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 213 (3d Cir. 2017).

W.R.R. also asserts that the IJ applied an improper legal standard to the motion to remand, arguing that W.R.R. only needed to make out a prima facie case for relief, but that the evidence submitted with the motion was used to deny relief. The IJ concluded, however, that W.R.R.'s generalized fear was insufficient for CAT relief. Therefore, even if W.R.R. had presented sufficient evidence to prove the truth of the assertions, W.R.R. would not be entitled to relief.

Finally, W.R.R. argues that the Agency erred in failing to create a detailed record sufficient for appellate review. We disagree; the Agency's decisions are sufficiently supported to permit our meaningful review.[12] As to W.R.R.'s argument that the Board violated its own regulations by not assigning this case to a three-member panel, we do not believe that any of the three conditions cited by W.R.R. were met.[13]

IV.

For the foregoing reasons, we will deny the petition for review.

---

[12] *Compare Miah v. Ashcroft*, 346 F.3d 434, 440 (3d Cir. 2003) *with Toussaint v. Att'y Gen.*, 455 F.3d 409, 414 (3d Cir. 2006).

[13] W.R.R. argues that there is a "need to review a decision by an immigration judge or DHS that is not in conformity with the law or with applicable precedents," there is a "need to reverse the decision of an immigration judge," and there is a "need to resolve a complex, novel, unusual, or recurring issue of law of fact." P Brf. 47 (quoting 8 C.F.R. § 1003.1(e)(6)).